People v Kerce (2019 NY Slip Op 08310)





People v Kerce


2019 NY Slip Op 08310


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1038 KA 17-01708

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TANEIKA KERCE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered August 4, 2017. The judgment convicted defendant upon her plea of guilty of attempted robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea and waiver of indictment are vacated, the superior court information is dismissed, and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting her upon a plea of guilty of attempted robbery in the third degree (Penal Law §§ 110.00, 160.05), defendant contends that her waiver of indictment is jurisdictionally defective because it did not contain the "approximate time" of the offense (CPL 195.20). We agree. A jurisdictionally valid waiver of indictment must contain, inter alia, the "approximate time" of each offense charged in the superior court information (SCI) (id.; see People v St Denis, — AD3d &mdash, — [Nov. 8, 2019] [4th Dept 2019]). "The law demands strict and literal compliance with the constitutional and statutory framework for waiving indictment" (People v Colon-Colon, 169 AD3d 187, 188 [4th Dept 2019], lv denied 33 NY3d 975 [2019]). " [S]ubstantial compliance [with CPL 195.20] will not be tolerated' " (id. at 191) because "compliance with [its] literal terms . . . is the sine qua non of the voluntariness of an indictment waiver" (id. at 193). Here, as the People correctly concede, the waiver of indictment does not contain the approximate time of the offense (see St Denis, — AD3d at &mdash). Moreover, we note that this is not a case " where the time of the offense is unknown or, perhaps, unknowable' so as to excuse the absence of such information" (People v Titus, 171 AD3d 1256, 1257 [3d Dept 2019]). Therefore, we reverse the judgment, vacate the plea and waiver of indictment, dismiss the SCI, and remit for proceedings pursuant to CPL 470.45 (see Colon-Colon, 169 AD3d at 193-194).
In light of the foregoing, defendant's remaining contention is academic.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court